IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL BALDONADO and ) 
VIRGINIA BALDONADO, )
 )
    Plaintiffs, )
 )
    v. )   Civil Action No. 13-833-SLR-CJB
 )
AVRINMERITOR, INC., et al., )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiffs Michael Baldonado and Virginia Baldonado ("Plaintiffs") filed this action

against a multitude of defendants (collectively, "Defendants") for injury allegedly caused by

exposure to asbestos. (D.I. 1, ex. 1) Presently pending before the Court are Defendant PACCAR

Inc.'s ("PACCAR") Motion to Dismiss Certain Claims of Plaintiffs' Complaint, filed pursuant to

Federal Rule of Civil Procedure 12(b)(6), (D.I. 10); and Defendant Daimler Trucks North

America, LLC's ("Daimler") Motion to Dismiss Certain Claims of Plaintiffs' Complaint, also

filed pursuant to Rule 12(b)(6), (D.I. 18) (collectively, the "Motions" or the "Motions to

Dismiss"). For the reasons that follow, the Court recommends that the Motions to Dismiss be

GRANTED in the manner further set out below.

## I.    BACKGROUND

### A.    Factual Background

Plaintiffs Michael and Virginia Baldonado are a married couple residing in the State of

New Mexico. (D.I. 1, ex. 1 at ¶¶ 1-2, 75) Plaintiffs describe Mr. Baldonado's history of

exposure to asbestos as follows:

> Plaintiff [ ] experienced personal, occupational and bystander

> exposure to asbestos while performing shadetree automotive work
> and while working as a professional automotive mechanic at Drum
> Auto Repair in Albuquerque, New Mexico from 1980 to 1981 and
> Julian's Garage in Albuquerque, New Mexico from 1982 to 1987.
> [During those periods of time,] Plaintiff [ ] was exposed to
> asbestos-containing products and equipment including, but not
> limited to, asbestos-containing brakes, clutches, engines and
> gaskets.[]
>
> Plaintiff [also] experienced occupational and bystander exposure to
> asbestos while he served in the U.S. Air Force Reserve as a
> mechanic from 1981 to 1987 and while he worked at J.A. Actason
> in Albuquerque, New Mexico as a heavy equipment mechanic from
> 1971 to 1972, Gulton Industries in Tejares, New Mexico as a welder
> from 1972 to 1975, Shiver Concrete in Albuquerque, New Mexico[]
> [as] a heavy equipment mechanic from 1976 to 1978, and
> Albuquerque Public School District in New Mexico as a heavy
> equipment mechanic from 1978 to 1980 and while performing
> residential construction work in New Mexico from 1970 to 1975.
> [During these periods of time,] Plaintiff [ ] was exposed to
> asbestos-containing products and equipment including, but not
> limited to, asbestos-containing pumps, valves, packing, gaskets,
> insulation, boilers, turbines, cooling towers, pipe, paint, joint
> compound, HVAC equipment, engines, and raw asbestos.

(*Id.* at ¶ 38)

Plaintiffs name 34 companies as Defendants. (*Id.* at ¶¶ 3-36)  According to the

Complaint, "at all times pertinent," these Defendants were:

> [D]irectly or indirectly engaged in the mining, manufacturing,
> distribution, sales, licensing, leasing, installation, removal and/or
> use of asbestos and asbestos-containing products.  They were also
> engaged in the development, manufacture, distribution, sales,
> licensing or leasing of equipment procedures and/or technology
> necessary to mine, manufacture, sell, distribute, install, remove and
> [] use [] asbestos and asbestos-containing products.

(*Id.* at ¶ 45)  As for Defendants' role in Mr. Baldonado's exposure to asbestos, Plaintiffs allege

simply that Mr. Baldonado "was exposed to asbestos and/or asbestos-containing products which

were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by []

Defendants[,]" (*id.* at ¶ 39), and that "[a]s a result of [] Defendants' wrongful conduct, [he]

developed . . . [l]ung [c]ancer[] and other asbestos-related injuries and diseases[,]" (*id.* at ¶ 41).

The counts in the Complaint contain no headings, and in the body of each Count,

Plaintiffs nowhere flatly state what type of legal claim each Count is supposed to represent. This

makes it difficult at times to ascertain the specific cause of action that Plaintiffs intend to put

forward in each Count. But the Counts all appear to be state common law claims relating to Mr.

Baldonado's alleged asbestos exposure (such as claims for negligence, intentional

misrepresentation, product liability, civil conspiracy and loss of consortium). (*Id.* at ¶¶ 37-76)

### B.      Procedural Background

This action was originally commenced in the Superior Court of the State of Delaware on

December 20, 2012. (D.I. 1, ex. 1) On May 10, 2013, the action was removed to this Court by

Defendant Lockheed Martin Corporation based on federal officer jurisdiction, pursuant to 28

U.S.C. § 1442(a). (D.I. 1)

On May 14 and May 16, 2013, respectively, PACCAR and Daimler filed their Motions to

Dismiss. (D.I. 10, 18) The Motions were fully briefed on June 6, 2013. (D.I. 43, 44).

This case was referred to the Court by Judge Sue L. Robinson on May 29, 2013, to

conduct all proceedings and hear and determine all motions, through and including the pre-trial

conference. (D.I. 32)

## II.    LEGAL STANDARD

The sufficiency of pleadings for non-fraud claims is governed by Federal Rule of Civil

Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is

3

entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A claim of fraud, however, is subject to the more

stringent pleading requirements of Federal Rule of Civil Procedure 9(b), which mandates that the

"circumstances constituting fraud or mistake" be "state[d] with particularity[.]" Fed. R. Civ. P.

9(b); *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a

court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.

2009). First, the court separates the factual and legal elements of a claim, accepting "all of the

complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210–11;

*see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] court must accept as true all of the

allegations contained in a complaint . . . [, but] [t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice.") (citing *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)). Second, the court determines "whether the facts alleged in

the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*,

578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). In assessing the plausibility of a claim, the

court must "'construe the complaint in the light most favorable to the plaintiff, and determine

whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"

*Id.* at 210 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

## III.  DISCUSSION

The Motions to Dismiss[1] allege that Plaintiffs have insufficiently pleaded claims of

---

[1]     The Court will address the arguments contained in the respective Motions to
Dismiss together, because save for changes to the name of the Defendant at issue, the arguments
made by PACCAR and Daimler (as well as the arguments in the answering briefs filed by
Plaintiffs) are identical. To avoid redundancy, citations in this Report and Recommendation will
be to the docket index and page numbers relating to PACCAR's Motion.

willful and wanton conduct (Count IV), intentional misrepresentation and negligent

misrepresentation (Counts VI and VII, respectively) and civil conspiracy (Counts VIII and IX),

and that Plaintiffs' claim of breach of warranty of fitness for a particular purpose (Count V at ¶

57)[2] is barred by the applicable statute of limitations.  (D.I. 11)

  As noted above, this action was removed to this Court based on federal officer

jurisdiction, pursuant to 28 U.S.C. § 1442(a).  A federal court's role under federal officer

jurisdiction is "similar to that of a federal court sitting in diversity." *Introcaso v. Meehan*, Civil

Action No. 07-3726, 2008 WL 161213, at *1 (E.D. Pa. Jan. 14, 2008).  Thus, this Court must

"apply the choice of law rule of the forum state to determine the law applicable to this action, as

it would in a diversity action." *Gallelli v. Prof'l Ins. Mgmt.*, Civ. A. No. 92-5812, 1994 WL

45729, at *3 (E.D. Pa. Feb. 10, 1994).  In tort actions such as this, Delaware has adopted the

"'most significant relationship'" test for choice of law. *ACCU Pers., Inc. v. AccuStaff, Inc.*, 846

F. Supp. 1191, 1212 (D. Del. 1994) (quoting *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (Del.

1991)).  "That is, the state law which 'has the most significant relationship to the occurrence and

the parties' will govern." *Id.* (quoting *Travelers Indem. Co.*, 594 A.2d at 47).  Here, there is no

dispute that, pursuant to this test, New Mexico law applies. (*See* D.I. 1, ex. 1 at ¶ 40; D.I. 11 at

5)

  Once a case is removed to the United States district courts, however, the Federal Rules of

Civil Procedure govern the pleading requirements for a plaintiff's complaint. *See* Fed. R. Civ. P.

---

  [2]  In their opening briefs, PACCAR and Daimler name the causes of action
referenced in each of the Complaint's ten Counts. (D.I. 11 at 2)  As Plaintiffs utilize these same
labels in referring to the causes of action in their answering briefs, (*see generally* D.I. 35), and
because these labels appear to be accurate, the Court will use them as well.

81(c); *Frederico v. Home Depot*, No. Civ.A. 05-5579(JAP), 2006 WL 624901, at *2 n.4 (D.N.J.

Mar. 10, 2006) (citing Fed. R. Civ. P. 81(c) and holding that Rule 9(b), rather than New Jersey

state rules of civil practice, govern pleading requirements as to the plaintiff's allegations of fraud,

even though the plaintiff originally filed the case in New Jersey state court and the defendant

removed it to federal court), *aff'd*, 507 F.3d 188 (3d Cir. 2007); *see also Lin v. Chase Card

Servs.*, Civil Action No. 09-5938 (JAP), 2010 WL 1265185, at *2 n.2 (D.N.J. Mar. 26, 2010)

(holding that Rule 8(a)'s pleading requirements apply to a complaint originally filed in state

court, since the case was subsequently removed to federal court). Therefore, contrary to

Plaintiffs' argument, (*see* D.I. 35 at 2), the Federal Rules, and not the Delaware Superior Court's

guidelines for asbestos actions, now govern the adequacy of the Complaint's allegations. *See

Hicks v. Boeing Co.*, Civil Action No. 13-393-SLR-SRF, 2014 WL 1284904, at *2 (D. Del. Mar.

21, 2014) (rejecting the plaintiff's argument that a defendant's Rule 12(b)(6) motion should be

denied because the complaint allegedly met the requirements of the Delaware Superior Court's

Standing Order No. 1).

    With these principles in mind, the Court will consider the challenged claims in turn.

### A.    Willful and Wanton Conduct

    Under New Mexico law, willful and wanton conduct—the standard for which punitive

damages may be awarded—is established only when a defendant's conduct is "maliciously

intentional, fraudulent, oppressive, or committed recklessly or with a wanton disregard of the

plaintiffs' rights." *Green Tree Acceptance, Inc. v. Layton*, 769 P.2d 84, 87 (N.M. 1989) (internal

quotation marks and citation omitted); *see also Bhandari v. VHA Sw. Cmty. Health Corp.*, No.

CIV. 09-0932 JB/GBW, 2011 WL 1336512, at *48 (D.N.M. Mar. 30, 2011). Under New

Mexico law, a plaintiff must plead facts that would give rise to a claim of punitive damages. *See,*
*e.g., Chavarria v. Fleetwood Retail Corp.*, 143 P.3d 717, 725 (N.M. 2006); *Behrens v. Gateway*
*Ct., LLC*, 311 P.3d 822, 829 (N.M. Ct. App. 2013).

In Count IV, Plaintiffs allege that "Defendants knew or should have known that asbestos
exposure could result in serious injury, disease and/or death[,]" and that "Defendants
[nevertheless] willfully and wantonly for their own economic gain and with reckless indifference
to the health and safety of [Mr. Baldonado]" failed to take a number of actions, proximately
resulting in his injuries. (D.I. 1, ex. 1 at ¶¶ 48, 50-52)  These alleged failures of action included,
*inter alia*, Defendants' failure to:  (1) require the substitution of materials other than asbestos; (2)
adequately warn all of the potential victims of asbestos (including Mr. Baldonado); (3)
adequately test, research and investigate asbestos and its effects, prior to exposure to individuals
like Mr. Baldonado; (4) adequately package, distribute and use asbestos in a manner that would
minimize the escape of asbestos fibers; and (5) take adequate steps to remedy any such failures.
(*Id.* at ¶ 51)  PACCAR and Daimler, in response, argue that these allegations "fail[] the *Twombly*
plausibility test[,]" because Plaintiffs, *inter alia*, allege "no facts that support their claim that
[either Defendant] actually knew about and consciously ignored any unidentified risk" and
indeed "fail[] to identify any [of either Defendant's] products whatsoever[.]" (D.I. 11 at 9)

The Court agrees that the allegations as to Count IV are insufficient to meet Rule 8(a)'s
requirements. In coming to this conclusion, it finds the analysis in *Bulanda v. A.W. Chesterton*
*Co.*, No. 11 C 1682, 2011 WL 2214010 (N.D. Ill. June 7, 2011), to be instructive. In *Bulanda*,
the plaintiff (the administrator of the estate of a deceased man) brought claims of negligence and
wrongful death on behalf of the decedent, alleging that a number of corporations were liable for

the decedent's exposure to asbestos. *Id.* at *1. One such defendant, Greene, Tweed, & Company

("Greene"), filed a motion to dismiss pursuant to Rule 12(b)(6). *Id.* Greene argued that the

complaint did not meet Rule 8's pleading standards as it "fail[ed] to explain how [Greene's]

products contributed to, or caused, [the decedent's] injuries[,]" and instead attempted to "group

Greene . . . into a group of other manufacturers, miners, and/or sellers of asbestos products." *Id.*

at *1-2 (internal quotation marks and citations omitted).

The United States District Court for the Northern District of Illinois agreed, finding that

this was "precisely the type of vague, 'defendant-unlawfully-harmed me accusation' that the

Supreme Court [] condemned" in *Iqbal. Id.* at *2 (internal quotation marks and citations

omitted). In doing so, the *Bulanda* Court noted that "[o]ther than in the first paragraph, where it

lists all of the Defendants by name, the [c]omplaint makes no distinct reference to Greene." *Id.*

Instead, the complaint made only "generic allegations as to the Defendants collectively[,]" made

no reference to the identity of the asbestos products or equipment that Greene was allegedly

affiliated with, and was otherwise "devoid of factual allegations regarding Greene's conduct[.]"

*Id.* The complaint did attach an exhibit providing that the decedent "worked at two locations [at

which he was allegedly exposed to asbestos] from 1963 to 1994[,]" yet the *Bulanda* Court found

that "[t]his exceedingly limited information casts no light on the manner in which Greene

allegedly harmed [the] [d]ecedent." *Id.* In light of all of this, the *Bulanda* Court determined that

the defendant did not have "fair notice of the nature of the claim against [it][,]" and granted

Greene's motion to dismiss, without prejudice. *Id.* at *3 (internal quotation marks and citations

omitted).

The reasoning in another similar case, *Aguirre v. Amchem Prods. Inc.*, No. CV 11-01907-

8

PHX-FJM, 2012 WL 760627, at *2 (D. Ariz. Mar. 7, 2012), is also persuasive. In *Aguirre*, the plaintiffs' complaint alleged that the decedent worked as a laborer in Arizona for many years, but it failed to assert facts regarding what industries the decedent worked in, what activities he performed, or the decades in which he worked. *Id.* at *1. Most relevant to the issues at play with the Complaint in this case, although the *Aguirre* complaint did call out a specific product of one defendant, Owens-Illinois, it did not "allege any link between [that product] and [the decedent.]" *Id.* Ultimately, the United States District Court for the District of Arizona granted a Rule 12(b)(6) motion, finding, *inter alia*, that "[w]ithout any facts suggesting a temporal or geographic link between the asbestos products that [the decedent] was exposed to and the asbestos products manufactured and sold by defendants, we cannot draw a reasonable inference that defendants—as distinguished from any other asbestos manufacturers—are liable for [the decedent's] death."[3] *Id.* at *2.

In the instant Complaint, Plaintiffs do make some factual allegations regarding Mr.

---

[3] By way of comparison, in federal cases where similar motions to dismiss were denied, the complaints at issue at least tend to contain some factual allegations that render it plausible to conclude that a specific defendant's products were connected in some way to the plaintiff's asbestos or silica exposure. For example, in *Soucy v. Briggs & Stratton Corp.*, Civil No. 1:13-cv-00068-NT, 2014 WL 794570 (D. Me. Feb. 27, 2014), the plaintiff alleged that he was exposed to asbestos while making "repairs to small engines and other equipment" at one particular auto repair shop in Caribou, Maine, named only eight defendants, and identified those defendants as the companies that "designed, manufactured, distributed, sold, licensed, or leased the asbestos-containing small engines and equipment on which [he] worked" at the auto repair shop. *Id.* at *1. These allegations, along with facts pleaded regarding the timing of the alleged exposure and the general product types at issue, allowed the plaintiff's complaint alleging asbestos-related harm to survive a defendant's Rule 12(b)(6) motion. *Id.* at *1-2; *see also Coene v. 3M Co.*, No. 10-CV-6546 CJS, 2011 WL 3555788, at *1, *3 (W.D.N.Y. Aug. 11, 2011) (denying the motion to dismiss of two defendants in a suit alleging personal injury from exposure to silica, where, *inter alia*, those defendants were alleged to have manufactured certain "powder coating products" containing silica that were used at the plaintiff's place of employment).

Baldonado's asbestos exposure: they allege that he was exposed due to proximity to certain general categories of products and equipment, while working in particular jobs in New Mexico, during particular time periods. (D.I. 1, ex. 1 at ¶ 38) However, as in *Bulanda* and *Aguirre*, the Complaint alleges no facts in any way linking either PACCAR or Daimler (nor any class of products that they might manufacture) to Mr. Baldonado and, in fact, makes no distinct reference to PACCAR or Daimler at all.

Instead, when it comes to Defendants and their connection to Mr. Baldonado, the Complaint relies on general, conclusory allegations. Plaintiffs alleged only that "Defendants"—all 34 of them—are in some unspecified way associated with at least one of a broad listing of very different types of products, which are, in some unspecified way, alleged to be connected to Mr. Baldonado's asbestos-related harm at one of a broad group of work locations. (*See, e.g., id.* at ¶ 39 (alleging that Mr. Baldonado "was exposed to asbestos and/or asbestos-containing products which were mixed, mined, manufactured, distributed, sold, removed, installed and/or used by [] Defendants"); *id.* at ¶ 45 (same); *see also id.* at ¶ 41 (alleging that "[a]s a result of [] Defendants' wrongful conduct, Plaintiff [ ] developed . . . [l]ung [c]ancer[] and other asbestos-related injuries and diseases"))

And so, as to Count IV's allegations regarding the right to seek punitive damages, when Plaintiffs assert that "Defendants" (as a generic group) "willfully and wantonly" acted "with reckless indifference to [Mr. Baldonado's] health and safety" and proximately caused his injuries, they do so having made no prior factual allegation that would plausibly connect any particular Defendant (like PACCAR or Daimler) to any of the general product classes, geographical areas, employment arenas and/or time periods that relate to Mr. Baldonado's

exposure. In the absence of any such linkage, and in the absence of any facts pleaded that are

particular to PACCAR or Daimler, Count IV does not state a plausible claim for relief. That is,

due to the absence of such facts, the allegations in Count IV: (1) cannot plausibly suggest that

*Plaintiffs* are entitled to punitive damages *as a result of* the alleged misconduct at issue, and (2)

do not plausibly establish that *these particular Defendants* have engaged in that misconduct.

In sum, Plaintiffs may have chosen to sue PACCAR and Daimler because each has some

articulable, plausible fact-based connection to Plaintiffs' injuries. The allegations of Count IV

(and the Complaint's prior factual allegations), however, do not reflect any such connection, even

at a very basic level.[4] *See Aguirre*, 2012 WL 760627, at *2; *Bulanda*, 2011 WL 2214010, at *2;

*cf. Nat'l Cmty. Pharmacists Ass'n v. Express Scripts, Inc.*, Civil Action No. 12-395, 2013 WL

3305215, at *1 (W.D. Pa. June 28, 2013) (dismissing the plaintiffs' claims under antitrust law,

---

[4]     PACCAR and Daimler appear to argue that this claim should be dismissed in part because the Complaint fails to specifically identify any of their products. (*See* D.I. 11 at 9) In concluding that this claim and others should be dismissed, the Court does not hold that a plaintiff must necessarily identify a defendant's specific product in order to survive a motion to dismiss. *See Hicks*, 2014 WL 1284904, at *2 (rejecting defendant The Boeing Company's argument that the complaint should be summarily dismissed because it did not identify "the specific Boeing product that is the subject of Plaintiff's claims") (citing cases); *cf. Singleton v. Chevron USA, Inc.*, 835 F. Supp. 2d 144, 148 (E.D. La. 2011) (finding that complaint's reference to "certain classes of products" manufactured by the defendant, i.e., certain "primers, paints and thinners[,]" without reference to a "'brand name'" was sufficient under the circumstances to meet Rule 8(a)'s requirements). Likewise, the Court does not hold that filing suit against a relatively large number of defendants, in and of itself, automatically indicates that the Complaint is insufficiently pleaded. In describing the locations where Mr. Baldonado was allegedly exposed to asbestos, the Complaint lists seven different employers, and describes his employment as relating to automobile repair, welding, heavy equipment mechanic work and construction. (*See* D.I. 1, ex. 1 at ¶ 38) Thus, because Mr. Baldonado's history of alleged exposure covers a relatively large number of employers, industries and types of work, it logically follows that the number of named defendants may be greater in this case than in some other asbestos-related injury actions. Nevertheless, the Complaint still needs to include some facts that render it plausible to conclude that a particular Defendant has some connection to the asbestos-related exposure that allegedly occurred during one of these periods of employment.

where "even assuming that [p]laintiffs have pleaded a violation of the antitrust laws, they simply

have not alleged a plausible connection between that violation and their alleged injury-in-fact");

*Dukes v. Pappas*, Civil Action No. 09-3869, 2010 WL 2891508, at \*4 (E.D. Pa. July 20, 2010)

(concluding that the plaintiff failed to state a plausible claim because he failed to "allege[] any

plausible causal connection between the [defendants' allegedly false] statements and any alleged

financial harm [that he suffered]"). Accordingly, the Court recommends that Count IV be

dismissed, as it is insufficiently pleaded under the meaning of *Twombly* and *Iqbal*.[5]

### B.    Breach of Warranty of Fitness for a Particular Purpose

PACCAR and Daimler next argue that Plaintiffs' claim of breach of warranty of fitness

for a particular purpose (Count V at ¶ 57) is barred by the applicable statute of limitations. (D.I.

11 at 2, 11-12) Pursuant to Federal Rule of Civil Procedure 8(c), the statute of limitations

constitutes an affirmative defense to an action. Fed. R. Civ. P. 8(c). Nevertheless, it may be

raised in certain circumstances pursuant to a Rule 12(b)(6) motion. As the Third Circuit

explained in *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168 (3d Cir. 1978):

> Under the law of this and other circuits, . . . the limitations defense
> may be raised on a motion under Rule 12(b)(6), but only if the time
> alleged in the statement of a claim shows that the cause of action
> has not been brought within the statute of limitations. . . . If the bar
> is not apparent on the face of the complaint, then it may not afford
> the basis for dismissal of the complaint under Rule 12(b)(6).

*Id.* at 1174 (internal quotation marks and citations omitted); *Ausikaitis ex rel. Masimo Corp. v.*

*Kiani*, 962 F. Supp. 2d 661, 673 (D. Del. 2013).

---

[5]    To the extent that the analysis and conclusion as to this Count is inconsistent with
the holding in *Hicks v. Boeing Co.*, Civil Action No. 13-393-SLR-SRF, 2014 WL 1284904, at
\*5-6 (D. Del. Mar. 21, 2014), the Court finds that the case law cited herein compels the result
that the Court has reached.

In relevant part, Plaintiffs' claim for breach of warranty of fitness for a particular purpose states as follows: "Defendants as manufacturers and suppliers warranted the asbestos products for their intended purpose and use. Defendants violated this warranty as the product was neither packaged nor provided in the method proper for its intended use . . . ." (D.I. 1, ex. 1 at ¶ 57; D.I. 11 at 2) Such a claim, PACCAR and Daimler argue, is subject to a four-year statute of limitations, with that time beginning to run when Mr. Baldonado received the allegedly defective product. (D.I. 11 at 11) They then note that Mr. Baldonado's latest alleged asbestos exposure occurred in 1987, (*id.* at 12 (citing D.I. 1, ex. 1 at ¶ 38)), and that the Complaint was not filed until December 20, 2012, (*id.*). Thus, according to PACCAR and Daimler, Plaintiffs' claim is time-barred, and has been for more than twenty years. (D.I. 11 at 12; D.I. 44 at 2)

Plaintiffs, in their answering briefs, provided no substantive response to this assertion of the statute of limitations defense. (*See* D.I. 35 at 3-5) In such situations, where a party responds to a dispositive motion, but only addresses some subset of the arguments that are the subject of the motion, courts have consistently held that the claims that are not defended are deemed abandoned. *See, e.g., Lawlor v. ESPN Scouts, LLC*, Civil Action No. 2:10-cv-05886, 2011 WL 675215, at *2 (D.N.J. Feb. 16, 2011) (finding promissory estoppel claim abandoned where defendants, in moving to dismiss, argued that the plaintiff was paid the amount owed, and where plaintiff did not respond in any way to the defendants' argument) (citing *Conroy v. Leone*, 316 F. App'x 140, 144 n.5 (3d Cir. 2009) ("We find this undeveloped argument has been waived.")); *Carraway v. Borough of Wilkinsburg*, C.A. No. 9-372, 2009 WL 2981955, at *2 (W.D. Pa. Sept. 11, 2009) ("The Court 'may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.'") (citations omitted);

*Seals v. City of Lancaster*, 553 F. Supp. 2d 427, 432 (E.D. Pa. 2008) ("Plaintiff failed to address

this portion of defendants' motion for summary judgment in her response[,] [t]herefore,

plaintiff's failure . . . constitutes abandonment of those claims."). As in these cases, here the

Court determines that because Plaintiffs have failed to at all address this challenge to the

Complaint, Plaintiffs have abandoned their breach of warranty of fitness for a particular purpose

claim against PACCAR and Daimler.[6]

    As Plaintiffs have abandoned this claim, PACCAR and Daimler request that it be

dismissed with prejudice. (*See* D.I. 44 at 2) The Court agrees and recommends dismissal of this

claim with prejudice. *See Lawlor*, 2011 WL 675215, at *2-3 (terminating the action in its

entirety after finding that, *inter alia*, the plaintiff abandoned one of his claims against the

defendants); *see also Campos v. City of Hackensack*, Civil Action Number: 2:09-03076

(CONSOLIDATED), Civil Action Number: 2:10-02568, 2011 U.S. Dist. LEXIS 33457, at *15-

18 (D.N.J. Mar. 29, 2011).

**C.    Intentional and Negligent Misrepresentation**

    PACCAR and Daimler have asserted (and Plaintiffs have not disagreed) that Count VI

---

    [6]    The situation at issue here is in contrast to cases where a party fails to respond in
any way to a dispositive motion. In those situations, the Third Circuit has noted that "unless a
plaintiff's failure to oppose a motion can truly be understood to reflect that the motion is
unopposed . . . we have expressed a preference for an assessment of the complaint on its merits. .
. . [But, in any event], a district court must analyze the relevant factors set forth in *Poulis v. State
Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), before concluding that the sanction of
dismissal is warranted." *Xenos v. Hawbecker*, 441 F. App'x 128, 131 (3d Cir. 2011) (internal
citations omitted); *see also Shuey v. Schwab*, 350 F. App'x 630, 632-33 (3d Cir. 2009). Here, the
Court is dealing with a different situation—Plaintiffs responded to the Motions to Dismiss but
failed to address the full scope of the arguments attacking the Complaint. In such a
circumstance, as district courts have found in similar cases, the unaddressed claim is deemed
abandoned.

represents a claim for intentional misrepresentation, and that Count VII represents a negligent

misrepresentation claim. (D.I. 11 at 2; D.I. 35)  To assert a claim for fraud (or intentional

misrepresentation) under New Mexico law, a plaintiff must establish the following elements:

"(1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or

recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to

induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation."[7]

*Williams v. Stewart*, 112 P.3d 281, 290 (N.M. Ct. App. 2005); *see also Bhandari*, 2011 WL

1336512, at *15.  A claim for negligent misrepresentation requires:  (1) an untrue statement; (2)

made by one who has no reasonable ground for believing the statement was true; (3) on which

the speaker intends the listener to rely; (4) and on which the listener relied; and (5) such reliance

causing harm to the listener. *Bhandari*, 2011 WL 1336512, at *16 (citations omitted); *see also*

*Hartford Fire Ins. Co. v. Gandy Dancer, LLC*, 864 F. Supp. 2d 1157, 1199 (D.N.M. 2012).

    In the present case, Counts VI and VII allege generally that "Defendants[,]" as a group:

(as to Count VI) willfully, wantonly, recklessly or intentionally concealed and failed to disclose

the health risks associated with asbestos; or (as to Count VII) made misrepresentations that

asbestos was not hazardous, when they had no basis for such representations or knew facts to the

contrary. (*See* D.I. 1, ex. 1 at ¶¶ 60, 64)  The Counts each allege that Defendants had reason to

expect that:  (as to Count VI) Mr. Baldonado was within the class of persons who would be

materially affected by their misrepresentations; or (as to Count VII) as a result of their

---

    [7]    Plaintiffs assert, without explanation, that Delaware state law supplies the
necessary elements of the claims asserted in Counts VI and VII. (*See* D.I. 35 at 4)  As discussed
*supra*, New Mexico (and not Delaware) substantive law applies in this case because it is the state
law with the most significant relationship to the occurrence and the parties.

misrepresentations, Mr. Baldonado would be exposed to asbestos. (*Id.* at ¶¶ 61, 65)  And the Complaint alleges, in both Counts, that as a result of the misrepresentations, Mr. Baldonado was exposed to asbestos and was injured. (*Id.* at ¶¶ 62, 66)

PACCAR and Daimler first argue that Plaintiffs' intentional and negligent misrepresentation claims should be dismissed because Plaintiffs fail to plead detrimental reliance, which is an essential element of those claims under New Mexico law. (D.I. 11 at 11; D.I. 44 at 4)  The Court agrees, and on this basis alone, recommends that both claims be dismissed.

As to Plaintiffs' fraud/intentional misrepresentation claim in Count VI, PACCAR and Daimler also note an alternative basis for dismissal—that the allegations do not satisfy Rule 9(b)'s pleading requirements. (D.I. 11 at 10-11; D.I. 44 at 5)  Rule 9(b) applies to such a claim, and requires that the "circumstances constituting fraud or mistake" be "state[d] with particularity[.]" Fed. R. Civ. P. 9(b).[8]  The purpose of this heightened pleading standard is to require the plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Frederico*,

---

[8]      District courts in this Circuit have come to different conclusions as to whether Rule 9(b)'s heightened pleading requirement applies to a negligent misrepresentation claim. *See Indianapolis Life Ins. Co. v. Hentz*, Civil Action No. 1:06-CV-2152, 2008 WL 4453223, at *10 & n.13 (M.D. Pa. Sept. 30, 2008) (noting the lack of consensus on this question and citing cases using conflicting approaches). This Court has noted, however, that "'the Rule 9(b) heightened pleading requirement generally does not apply to the state law claims of . . . negligent misrepresentation.'" *Lincoln Nat'l Life Ins. Co. v. Snyder*, 722 F. Supp. 2d 546, 561 (D. Del. 2010) (quoting *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 197 (D. Del. 2000)). The Court need not further address whether Rule 9(b)'s or Rule 8(a)'s requirements would apply to Count VII here, or engage in an analysis of the sufficiency of Count VII's allegations in light of either of those Rules, as it has already determined that Count VII should be dismissed on alternate grounds.

507 F.3d at 200 (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004)). To satisfy this heightened standard, plaintiffs claiming fraud must allege, at a minimum, the "date, time and place of the alleged fraud" or must "otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.* Where allegations of fraud are brought against multiple defendants, "the complaint must plead with particularity . . . the [specific] allegations of fraud" applicable to each defendant. *MDNet, Inc. v. Pharmacia Corp.*, 147 F. App'x 239, 245 (3d Cir. 2005); *Hicks*, 2014 WL 1284904, at *6.

PACCAR and Daimler are correct that the allegations in Count VI lack the specificity required by Rule 9(b). All of those allegations are pleaded collectively as to all Defendants, such that the Complaint fails to identify which Defendants may have said what, when, and where. (*See* D.I. 1, ex. 1 at ¶¶ 60-62) Indeed, as noted above, there are no facts alleged anywhere in the Complaint that are specific or particular to any Defendant—let alone any such particularized facts pleaded in Count VI regarding the misrepresentations at issue. Accordingly, on this ground as well, the Court recommends that Plaintiffs' intentional misrepresentation claim in Count VI be dismissed. *See Lee v. Certainteed Corp.*, No. 5:13-cv-826-FL, 2014 WL 1411060, at *3 (E.D.N.C. Apr. 11, 2014) (dismissing the plaintiffs' claim of fraud in case alleging harm from asbestos exposure where the complaint contained "no allegation of specific time, place or contents of any specific misrepresentation by either [of the two moving defendants]"); *Hicks*, 2014 WL 1284904, at *6-7.

### D.    Civil Conspiracy

Counts VIII and IX of the Complaint appear intended to allege two separate counts of

civil conspiracy. (D.I. 1, ex. 1 at ¶¶ 67-73; D.I. 11 at 2)[9]  To establish liability for civil conspiracy under New Mexico law, a plaintiff must demonstrate: "(1) that a conspiracy between two or more individuals existed; (2) that specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) that the plaintiff was damaged as a result of such acts." *Ettenson v. Burke*, 17 P.3d 440, 445 (N.M. Ct. App. 2000) (internal quotation marks and citation omitted). PACCAR and Daimler argue that these civil conspiracy claims "fail under the standards set forth in *Twombly* and *Iqbal*, [because] they rest entirely upon unsupported and speculative conclusions." (D.I. 11 at 12) Plaintiffs' response consists of little more than a recitation of the elements of civil conspiracy under New Mexico law. (*See* D.I. 35 at 5)

In analyzing whether Plaintiffs' allegations are sufficient under federal pleading standards to state a claim of civil conspiracy under New Mexico law, the Court finds guidance from not only the cases previously cited in Section III.A, but also from *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240 (D.N.M. 2012). In *Archuleta*, the plaintiff brought a claim of civil conspiracy under New Mexico law, alleging that his former attorney conspired with state actors to violate his constitutional rights. *Id.* at 1248, 1251-52. In so doing, the plaintiff alleged that the defendants "cooperated" with one another and acted "in a combined effort[.]" *Id.* at 1252 (internal quotation marks and citations omitted). The *Archuleta* Court found, however, that these were only "conclusory allegations" and held that because the plaintiff failed to allege "any facts to show agreement and concerted action[,]" his claim of civil conspiracy would be dismissed

---

[9]     Even though Counts VIII and IX use somewhat different language, PACCAR, Daimler and Plaintiffs all agree that both counts are civil conspiracy claims, and agree that the necessary elements for each of these two Counts are thus identical. (*See* D.I. 11 at 12; D.I. 35 at 5)

pursuant to Rule 12(b)(6). *Id.* (citation omitted); *see also Feliz v. Kintock Grp.,* 297 F. App'x

131, 136 (3d Cir. 2008) (affirming dismissal of the plaintiff's civil conspiracy claim where he

failed to allege "at least some facts which could permit a reasonable inference of a conspiracy to

be drawn"); *Tapia v. City of Albuquerque,* No. CIV 13-0206 JB/ACT, 2014 WL 1285680, at *72

(D.N.M. Mar. 31, 2014) (dismissing claim of civil conspiracy under New Mexico law where the

complaint did not "allege specific facts showing an agreement and concerted action amongst the

defendants") (internal quotation marks and citation omitted).

 As in *Archuleta,* here Plaintiffs' civil conspiracy claims are, in significant part, made up

of legal conclusions. (*See, e.g.,* D.I. 1, ex. 1 at ¶ 68 ("Defendants knowingly and willfully

conspired to perpetuate the actions and omissions referred to herein . . ."); *id.* at ¶ 71

("Defendants continued to act wrongfully both individually and in a conspiracy to mislead and

misrepresent the extent of the past wrongful actions and omissions. . .")) After putting these

statements aside (as it must), the Court is left only with factual allegations that are collective to

all Defendants, and specific to none. These allegations fail to state facts plausibly suggesting

"agreement and concerted action" in any meaningful way. For example, Plaintiffs allege in

Count IX that "Defendants" "destroy[ed] records and hid[] witnesses[.]" (*Id.* at ¶ 71) Even

accepting as true that some person or entity engaged in such acts, nothing about these allegations

plausibly demonstrates that *PACCAR* or *Daimler* (or any other *particular* Defendant or their

employees) took such actions (or agreed or conspired to do so), as is required by New Mexico

law. *See Archuleta,* 898 F. Supp. 2d at 1251-52; *see also Hicks,* 2014 WL 1284904, at *7.

 Accordingly, the Court recommends that Counts VIII and IX be dismissed.

**E. Nature of Dismissal**

Generally, "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit

a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d

at 236.  The Court has already addressed the recommended nature of dismissal as to the claim for

breach of warranty of fitness for a particular purpose (which it determined should be dismissed

with prejudice).  As to the remaining claims at issue, the Court cannot say at this stage that

allowing the opportunity to amend will necessarily be "inequitable or futile," and PACCAR and

Daimler do not otherwise argue for dismissal with prejudice as to those claims.

Accordingly, the Court recommends dismissal without prejudice for those claims, and

that, if the District Court affirms this Court's recommendation of dismissal, the District Court

thereafter permit Plaintiffs fifteen (15) days to file an amended complaint.

## IV.    CONCLUSION

For the reasons stated, the Court recommends that:  (1) the Motions to Dismiss be

GRANTED; (2) Plaintiffs' claim of breach of warranty of fitness for a particular purpose

(Paragraph 57 of Count V) be dismissed with prejudice; (3) Plaintiffs' claims of willful and

wanton conduct (Count IV), intentional and negligent misrepresentation (Counts VI and VII) and

civil conspiracy (Counts VIII and IX) be dismissed without prejudice; and (4) if the District

Court affirms this Court's recommendation of dismissal, the District Court thereafter permit

Plaintiffs fifteen (15) days to file an amended complaint.  Because the grounds for the

recommended dismissals are clearly common to all Defendants in the case, not simply PACCAR

and Daimler, the Court recommends the respective dismissals be applicable to all Defendants in

the case.  *See Coulter v. Unknown Probation Officer*, — F. App'x —, 2014 WL 998537, at *3

n.2 (3d Cir. Mar. 17, 2014).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections

within fourteen (14) days after being served with a copy of this Report and Recommendation.

Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss

of the right to *de novo* review in the district court.  *See Sincavage v. Barnhart*, 171 F. App'x 924,

925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the Court's Standing Order in Non-Pro Se Matters For

Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available

on the District Court's website, located at http://www.ded.uscourts.gov.

Dated:  May 20, 2014

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE